IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division



OSAMA M. EL-ATARI,

    Debtor,

---

KEVIN R. MCCARTHY, TRUSTEE

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

Civil Action No. 1:12-cv-01237

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo" or "Defendant") Motion to Withdraw the Reference of Adversary Proceeding.

In May 2008, Wells Fargo made an $8 million loan to Osama El-Atari ("El-Atari"). The loan was secured by a fabricated life insurance policy. El-Atari later made misrepresentations that caused Wells Fargo to became suspicious and demand repayment of his loan. In October 2008, El-Atari obtained a $10 million loan from Northern Trust Bank ("Northern Trust"), also secured by a fabricated life insurance policy. El-Atari repaid

1

secured by a fabricated life insurance policy. El-Atari repaid the Wells Fargo loan with the proceeds from the Northern Trust loan, which had been deposited into his United Bank account.

El-Altari was later convicted of the operation of a fraudulent scheme through which he obtained loans amounting to more than $50 million, by using fictitious life insurance policies for collateral. In 2011, Northern Trust sued Wells Fargo for fraud, and on February 7, 2012, this Court granted summary judgment in favor of Wells Fargo on the ground that Northern Trust lacked standing as the claims were owned by the Trustee, not Northern Trust. Northern Trust FSB v. Wells Fargo Bank, N.A., 464 B.R. 269 (E.D. Va. 2012).

Additionally, El-Altari was brought into involuntary bankruptcy proceedings pursuant to Chapter 7 of the bankruptcy code. Plaintiff Kevin R. McCarthy (the "Trustee"), filed adversary proceedings in the bankruptcy court against Wells Fargo, among other entities, to recover fraudulent conveyances under 11 U.S.C. §§ 502, 548 and 550. Wells Fargo filed a Motion to Withdraw the Reference of Adversary Proceeding, which was denied in November 2011. In re El-Atari, 1:11CV1090 LMB/IDD, 2011 WL 5828013 (E.D. Va. Nov. 18, 2011). Defendant now again moves this Court to Withdraw the Reference of Adversary Proceeding and transfer the case to this Court, alleging that

the circumstances are significantly different from last November.

United States District Courts, "pursuant to 28 U.S.C. § 1334, exercise original jurisdiction over all bankruptcy matters, but are enabled by statute to refer these proceedings to subordinate bankruptcy courts as a matter of course, which this district has done." In re QSM, LLC, 453 B.R. 807, 809 (E.D. Va. 2011); See 28 U.S.C. §§ 1334(a)-(b); § 157(a); see also Standing Order of Reference. Thus, this Court has the discretionary power to "withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court], on its own motion or on timely motion of any party for cause shown." 28 U.S.C. § 157(d). Six factors govern the analysis for discretionary withdrawal:

> (i) whether the proceeding is core or non-core;
> (ii) the uniform administration of bankruptcy proceedings;
> (iii) expediting the bankruptcy process and promoting judicial economy;
> (iv) the efficient use of debtor's and creditors' resources;
> (v) reduction of forum shopping; and
> (vi) the preservation of the right to a jury trial

See, e.g. In re QSM, LLC, 453 B.R. 807, 809-810 (E.D. Va. 2011)(internal quotations omitted).

The movant has the burden to demonstrate cause for withdrawal. Id. If the factors, on balance, dictate that the interests of justice and judicial economy favor litigation in

3

district court, the district court should grant a motion to withdraw.

As for the first factor, the bankruptcy court's authority to enter a final judgment hinges on whether the matter is a core proceeding, or non-core related proceeding. See 28 U.S.C § 157(b)(2). "Core proceedings include, but are not limited to 16 different types of matters. . ." Stern v. Marshall, 131 U.S. 2594, 2603 (2011)(internal quotations omitted); 28 U.S.C § 157(b)(2). In core proceedings the bankruptcy courts may hear and enter final judgments, and bankruptcy courts may hear non-core proceedings but must submit proposed findings of fact and conclusions of law to the district court to make an independent review. See 28 U.S.C § 157(b)(2).

Fraudulent conveyance actions are explicitly enumerated core proceedings. 28 U.S.C § 157(b)(2)(H). However, in light of Stern, Defendant argues fraudulent conveyance actions must be decided by an Article III judge. Stern, 131 U.S. at 2614. As was made clear in this Court's prior consideration of Stern's effect on the bankruptcy court's authority to hear fraudulent conveyance actions, the district court may need to issue the final decision, but that does not necessitate the district court presiding over the entire case. See In re El-Atari, 1:11CV1090 LMB/IDD, 2011 WL 5828013, at *7-13 (E.D. Va. Nov. 18, 2011). The bankruptcy court may preside over most stages of this

4

matter, submit proposed legal and factual findings, and the district court can then review the matter and issue a final decision, just as it would with any other non-core proceeding. See Id. Thus, there is no reason for an immediate withdrawal. Nonetheless, because <u>Stern</u> essentially rendered fraudulent conveyance actions noncore proceedings for the purpose of this factor, this factor weighs in favor of withdrawal.

Defendant submits that the second factor is not relevant in this case. However, this case is one of forty proceedings involved with the El-Atari bankruptcy being pursued by the Trustee. The bankruptcy court has dealt with the related proceedings and is better suited to handle the issues presented due to experience and expertise. It would go against uniform administration to remove one of the forty matters from the bankruptcy court. While this Court has handled a related civil matter properly before it, that does not require it to hear all other matters associated in some way. Thus, the interests of uniform administration demand that this case not be withdrawn. This factor weighs against withdrawal.

As to the third and fourth factors, which both consider efficiency; Defendant's argument focuses on the inefficiency of a duplication of efforts. As this Court addressed similar facts and circumstances in <u>Northern Trust</u>, Defendant argues it is unnecessary to have the bankruptcy court handle this case

5

because enormous efforts have already been expended and it would therefore be a waste of resources. While there may be similar issues presented, the litigation is not identical. An entirely new party is involved with this action, the Trustee, and his relation to Defendant is different than Northern Trust's. Additionally, the underlying claims and legal issues in Northern Trust differ from the fraudulent conveyance action at issue here. Moreover, the Trustee brought actions against forty entities in bankruptcy court and has therefore used his resources extensively in that court, not in this Court. For these reasons, and the reasons considered with respect to the other factors, the bankruptcy court is better equipped to preside over this matter. This factor weighs against withdrawal.

Defendant argues that factor five is inapplicable in this case, this Court agrees. There are no facts to support suspicion of forum shopping.

Defendant argues that because it has now demanded a jury trial a withdrawal of reference is now inevitable, and therefore the sixth factor weighs in its favor. Defendant submits that it will not consent to a jury trial in the bankruptcy court and therefore a jury trial cannot occur except for in the district court. 28 § U.S.C. 157(e) (express consent required for bankruptcy court to preside over jury trial). However, trial is

not entirely inevitable as the parties are far from that point. Further,

> The mere fact that the district court must conduct a jury trial in an adversary proceeding does not mean that the bankruptcy court immediately loses jurisdiction of the entire matter or that the district court cannot delegate to the bankruptcy court the responsibility for supervising discovery, conducting pre-trial conferences, and other matters short of the jury selection and trial.

In re El-Atari, 1:11CV1090 LMB/IDD, 2011 WL 5828013, at *7-13 (E.D. Va. Nov. 18, 2011)(quoting In re Stansbury Poplar Place, Inc., 13 F.3d 122, 128 (4th Cir.1993)).

The right to a jury trial is preserved whether this Motion to Withdraw the Reference of Adversary Proceeding is granted or not, therefore this factor does not favor withdrawal.

Upon considering the six factors this Court finds insufficient cause to exercise its discretion to withdraw the reference of this case to the bankruptcy court. Thus, Defendant's Motion to Withdraw the Reference of Adversary Proceeding should be denied, an appropriate order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
November 27, 2012